No. 88–5571.   ORCHARD *v.* UNITED STATES.   C. A. 2d Cir. Certiorari denied.

No. 88–5585.   WHITTEN *v.* UNITED STATES.   C. A. 6th Cir. Certiorari denied.

No. 88–5587.   ZAVALA-SERRA *v.* UNITED STATES.   C. A. 9th Cir.   Certiorari denied.

No. 88–5637.   BARBER *v.* COOPER, SUPERINTENDENT, SHADOW MOUNTAIN CORRECTIONAL FACILITY, CANON CITY, COLORADO, ET AL.   C. A. 10th Cir.   Certiorari denied.

No. 87–1908.   NOVAK *v.* MUTUAL OF OMAHA INSURANCE CO. C. A. 8th Cir.   Certiorari denied.

JUSTICE WHITE, dissenting.

A question presented in this case is whether a district court's finding of a likelihood of confusion in a trademark infringement matter under § 43(a) of the Lanham Trade-Mark Act, 60 Stat. 441, 15 U. S. C. § 1125(a), is reviewable under the "clearly erroneous" standard, as a finding of fact, or *de novo*, as a conclusion of law. I have noted before that federal courts disagree over this question.   See *Euroquilt, Inc.* v. *Scandia Down Corp.*, 475 U. S. 1147 (1986) (WHITE, J., dissenting from denial of certiorari); *Elby's Big Boy of Steubenville, Inc.* v. *Frisch's Restaurants, Inc.*, 459 U. S. 916 (1982) (same).   I would grant certiorari to resolve the conflict.

No. 87–1951.   MICHIGAN *v.* BROWER.   Ct. App. Mich.   Certiorari denied.   JUSTICE WHITE would grant certiorari.

No. 88–242.   COOLEY *v.* FEDERAL ENERGY REGULATORY COMMISSION ET AL.   C. A. D. C. Cir.   Certiorari denied.   JUSTICE BLACKMUN took no part in the consideration or decision of this petition.

No. 88–340.   PERUMAL ET AL. *v.* SADDLEBACK VALLEY UNIFIED SCHOOL DISTRICT ET AL.   Ct. App. Cal., 4th App. Dist. Certiorari denied.   JUSTICE BRENNAN, JUSTICE MARSHALL, and JUSTICE BLACKMUN would grant certiorari.